SRINIVASAN, Circuit Judge,
concurring in the judgment:
I agree with my colleagues that the judgment of dismissal entered by the district court should be reversed and the case remanded for further proceedings. The district court. concluded that the agency cannot be considered to have “withheld” any emails in Holdren’s private email account because that account lies outside the agency’s possession or control. The court relied on the Supreme Court’s decision in Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980). Kissinger held that an agency did not “withhold” certain records that had been taken from the agency’s premises by the agency head, because, at the time the FOIA requests were filed, the records lay beyond the agency’s possession or control.
This case resembles Kissinger in certain respects in that both cases concern documents held by a current agency official in a location outside the agency’s ordinary domain. But while Kissinger held that the FOIA requests in that case could not proceed, I, like my colleagues, do not read Kissinger to require a dismissal of the FOIA request in this case, at least at this point in the proceedings. I write separately to set out my understanding of the reasons Kissinger does not control, and because I approach the issue here in a somewhat different fashion than do my colleagues.
In assessing whether OSTP can be considered to have “withheld” emails located in Holdren’s private email account, we begin with an important&emdash;and as-yet untested&emdash;assumption: that the email account, although a nongovernmental account, contains “agency recprds” within the meaning *151 of FOIA. 5 U.S.C. § 552(a)(4)(B). The district court did not address whether Hol-dren’s private account contains agency records. See 82 F.Supp.Bd 228, 232 n. 4 (D.D.C. 2015). The court instead assumed that Holdren possesses agency records in his private account, but held that, regardless, the agency is not withholding those records. In Kissinger, the Supreme Court likewise assumed that the requested documents qualified as “agency records,” see 445 U.S. at 147,100 S.Ct. 960, but concluded that the State Department had not “withheld” those records.
Kissinger arose in a posture resembling this case in another notable respect: there, as here, the (assumed) agency records were being held by a current agency official. The FOIA requests in Kissinger “were filed while Kissinger was Secretary of State.” 445 U.S. at 142, 100 S.Ct. 960. Neither Kissinger nor this case therefore involves records held by someone having no present affiliation with the agency at the time of the FOIA request (which, according to Kissinger, is generally the relevant time for assessing whether an agency “withholds” records, see id. at 155, 100 S.Ct. 960 n. 9). And the Kissinger Court treated the Secretary as holding the requested records at the time of the FOIA requests even though, by then, he had donated the documents to the Library of Congress. Because Secretary Kissinger continued to “retain[] unrestricted access to the collection,” id. at 141, 100 S.Ct. 960, the Court considered him (along with the “Library of Congress as his donee”) to be “holding the documents.” Id. at 155, 100 S.Ct. 960.
Both here and in Kissinger, then, at the time of the FOIA requests, a current agency official held (assumed) agency records in a location outside the agency’s ordinary domain. The question we confront is, in those circumstances, when is the agency itself appropriately considered to hold the records for purposes of its disclosure obligations under FOIA?
One possible answer would be that, because an agency acts only through individuals, an agency holds documents whenever an official holds the documents. Kissinger, however, forecloses that understanding. There, even though the Court considered Secretary Kissinger to be “holding the documents,” the Court held that the “State Department cannot be said to have had possession or control of the documents at the time the requests were received.” Id. The Court thus drew a divide between an agency and its official, at least in circumstances in which the agency — as opposed to its official — lacks “possession or control” over requested documents, a “prerequisite to FOIA disclosure duties.” Id. at 152, 100 S.Ct. 960.
But does Kissinger mean that, any time an agency official possesses an agency record outside the agency’s physical (or, in the case of email, virtual) domain, the agency itself lacks the requisite possession or control to trigger FOIA disclosure obligations? I do not think so. As a general matter, it seems appropriate to start from a premise that an agency possesses and controls its own records. That premise may yield if files have been lost or deleted, or if they are held by a person unaffiliated with the agency at the time of the request. But when a current official holds agency records, we ordinarily would expect the agency to control the documents for purposes of responding to a FOIA request.
Consider, for instance, a circumstance in which an official takes the sole available copy of an agency record home one evening to review and inadvertently leaves it there the next day. If a FOIA request were received while the document happened to remain in the official’s residence, the agency presumably could not simply *152 bury its head in the sand and disclaim any obligation to disclose the document on the rationale that the official possesses it in a location beyond the agency’s control. Rather, we assume the official would voluntarily retrieve the document to facilitate its inclusion in the agency’s FOIA disclosure.
Kissinger differed from that sort of situation because, there, the Secretary not only was “holding the documents ... at the time the requests were received,” but he was “holding the documents under a claim, of right” Id. at 155, 100 S.Ct. 960 (emphasis added). Secretary Kissinger 'had obtained an opinion from the State Department’s Legal Adviser that the records in question were his personal papers. He then removed the records from his office and deeded them to the Library of Congress. In addition, he later refused the Government Archivist’s request for a return of the papers. See id. at 144, 155, 100 S.Ct. 960. Those facts, the Court concluded, made “it apparent” that Secretary Kissinger held the documents “under a claim of right” — i.e., an assertion of possession and control over the documents inconsistent with the assumption of agency control. Id. at 155, 100 S.Ct. 960. “Under these circumstances,” the Court held, “the State Department cannot be said to have had possession or control of the documents.” Id.
The holding in Kissinger presumably would also apply in a situation in which an official wrongfully removes documents from an agency, stores them in his house, and refuses to return them on the grounds that they are his personal papers. See ante at 150. The agency might choose to take disciplinary action against the official or pursue an administrative remedy under the Federal Records Act, 44 U.S.C. § 2901, and Records Disposal Act, 44 U.S.C. § 3312. But the agency’s failure to search those documents would not constitute a “withholding” under FOIA, because the agency could not be said to retain control over the documents while the official holds them in his house under a claim of right.
In this case, there is no comparable indication (at least at this stage) that Hol-dren holds any agency records in his private email account under a claim of right. To be sure, he retains possession over the contents of the account. But there is no indication he has asserted control over agency records in the account in a manner inconsistent with agency control. As far as we know, Holdren has not refused an agency request for access to the account, transferred custody over records in the account to a third party, or otherwise taken action affirming that its contents belong solely to him in his personal capacity, to the exclusion of agency control. It’s true that he forwarded a number of messages from his private account to his government account, in accordance with a previous agency rule calling for employees to transfer any work-related messages from private email accounts to official accounts. (In fact, the agency produced over 110 pages of such records from Holdren’s government account in response to the FOIA request. See J.A. 112, 151-52.) But that action by Holdren did not connote a claim of right over any undisclosed agency records that may remain in his private account. As a result, I see no basis for concluding that Holdren holds any agency records in his private email account under a claim of right, such that the agency would lack the requisite control over the records for a withholding.
On remand, the agency is free to argue that the requested documents are not “agency records” or that they fall within certain exemptions. See ante at 150. But the agency should also be free to present *153 additional facts that would make it apparent that Holdren is holding the emails in his private account under a claim of right. I would conclude here only that a current official’s mere possession of assumed agency records in a (physical or virtual) location beyond the agency’s ordinary domain, in and of itself, does not mean that the agency lacks the control necessary for a withholding.